IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

Docket No. 24-5060

---

CRISTOPHER SMITH

Plaintiff - Appellant

vs.

STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLE OFFICE; JULIE
BUTLER, DIRECTOR OF THE NEVADA DMV; and DOES 1 through 10

Defendants - Appellees

---

On Appeal From an Order of the

United States District Court

for the District of Nevada

---

BRIEF OF APPELLANT

---

Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, Nevada  89141

Attorney for Appellant

# TABLE OF CONTENTS

Page

I.     STATEMENT OF JURISDICTION     1

     A.     The Basis for the District Court's Jurisdiction     1

     B.     The Basis for the Court of Appeals Jurisdiction     1

     C.     Filing Date of the Appeal     1

     D.     Assertion that the Appeal is from a Final Order or Judgment that Disposes of All of Smith's Claims     2

II.     ISSUES PRESENTED     2

III.     STATEMENT OF CASE     2

IV.     STATEMENT OF FACTS     3

V.     SUMMARY OF ARGUMENT     5

VI.     STANDARD OF REVIEW     7

     A.     Legal Standard Applicable to a Motion to Dismiss     7

     B.     Standard of Review for a Motion to Dismiss     8

VII.     ARGUMENT     9

     A.     Introduction     9

     B.     The District Court Erred in Finding that Butler was not Properly Served in her Official Capacity as Administrative Head of the DMV, but Even if she was not Technically Served Properly, she had Actual Notice of the Action, thus Service should have been Quashed and Re-Service Allowed     10

i

C.    The District Court Erred in Finding Smith did not Plausibly Plead a Cause of Action for Race Discrimination under Title VII    12

D.    The District Court Erred in Finding Smith did not Plausibly Plead a Cause of Action for Age Discrimination under the ADEA    17

E.    The District Court Erred in not Allowing Smith Leave to Amend his Complaint as to his Causes of Action for Race Discrimination and Age Discrimination    21

VIII.  CONCLUSION    22

# TABLES OF AUTHORITIES

## FEDERAL CASES

Page

*Arpin v. Santa Clara Transportation Authority*, 261 F.3d 912, 925 (9th Cir. 2001) — 15

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) — 7-8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556, 558, 570 (2007) — 7-8, 14

*Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) — 15

*California Tahoe Regional Planning Agency v. N.S.C., Inc.*, 504 F.Supp. 769, 776 (D. Nevada 1980) — 11

*Catlin v. United States*, 324 U.S. 229, 233 (1945) — 2

*Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000) — 12-13

*Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007) — 8-9

*Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) — 18-19

*Fernandez v. Penske Truck Leasing Co.*, 2:12-cv-295 JCM-GWF (D. Nev., 2012) — 20

*Foman v. Davis,* 371 U.S. 178, 182 (1962) — 8, 22

*France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015) — 13

*Gross v. FBL Fin'l Services, Inc.*, 129 S.Ct. 2343, 2349, fn. 2.s — 18

*Humphries v. Button*, 2:21-cv-01412-ART-EJY, pg. 6 (D. Nev. Aug 05, 2024) — 15

*Kaltenbach v. Richards*, 464 F.3d 524, 526-527 (5th Cir. 2006) — 7

*Leadsinger, Inc. v. BMG Music Publishing*,
    512 F.3d 522, 526 (9th Cir. 2008)      8

*Manzarek v. St. Paul Fire & Marine Insurance Company*,
    519 F.3d 1025, 1030-31 (9th Cir. 2008)      8

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-06 (1973)      18

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357 (1995)      17

*Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 674 (9th Cir. 1988)      18

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen*
    *Co.*, 631 F.3d 436, 442 (7th Cir. 2011)      20

*Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)      8

*Smith v. Frye*, 488 F.3d 263, 274 (4th Cir. 2007)      7

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d
    1109, 1118 (9th Cir. 2013)      8

*Texas Department of Community Affairs v. Burdine*,
    405 U.S. 248, 253 (1981)      12-13

*Umbenhauer v. Woog*, 969 F.2d 25, 31 (3rd Cir. 1992)      11

*Voigt v. Savell*, 70 F3d 1552, 1564 (9th Cir. 1995)      9

## FEDERAL STATUTES

*28 USC*, §1291      1

*28 USC*, §1331      1

*29 USC §621, et seq.*      1, 17

*29 USC § 621(a)(1)-(3)*      17

*29 USC § 623(a)*                                                  17-18

*29 U.S.C. §623(a)(1)*                                              18

*42 USC §2000e*, et seq.                                           1

*42 U.S.C. § 2000e-2 (a)*                                          12

*42 U.S.C. § 2000e-2 (a)(1)*                                       12

## STATE STATUTES

Nevada Rule of Civil Procedure 4.2(d)(2)                           10

## RULES

Federal Rules of Civil Procedure, Rule 8(a)(2)                     5-7

Federal Rules of Civil Procedure, Rule 11(b)(3)                    6, 10, 21

Federal Rules of Civil Procedure, Rule 12(b)(6)                    7-8, 15, 22

Federal Rules of Civil Procedure, Rule 15(a)                       9, 21-22

# I.

## STATEMENT OF JURISDICTION

**A.    The Basis for the District Court's Jurisdiction**

The basis for the district court's jurisdiction is the Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") and the Age Discrimination in Employment Act of 1967, as amended, *29 USC §621, et seq.* (hereinafter "ADEA") as the complaint involves a claims by Plaintiff and Appellant Christopher Smith ("Smith") for race discrimination and age discrimination which are governed by Title VII and the ADEA.  Jurisdiction was predicated upon these code sections as well as *28 USC*, §1331 as the action involved a federal question.

**B.    The Basis for the Court of Appeals Jurisdiction**

The basis for the court of appeals jurisdiction is that the district court entered a final decision in the case.  The circuit courts of appeals have jurisdiction over appeals from all final judgments of the district courts. *28 USC*, §1291.

**C.    Filing Date of the Appeal**

On July 19, 2024 the district court granted Appellees State of Nevada, Depart of Motor Vehicle Office and Julie Butler, Director of the Nevada DMV's (collectively Appellees or individually "State of Nevada" or "Butler") motion to dismiss, dismissing all of Smith's claims and denied Smith's request for leave to amend. [ER pgs. 12-25, Docket #28.]  On August 15, 2024 Smith filed his notice of appeal and affidavit of Michael P. Balaban in support of the notice of appeal, appealing the district court's order granting Appellees' motion to dismiss all of Smith's claims without leave to amend. [ER pgs. 26-31, Docket #s 29 and 29-1.] On August 22, 2024 the district court entered its final judgment that disposed of all of Smith's claims. [ER pgs. 32, Docket #34.]  Finally on September 13, 2024 Smith filed his notice of amended appeal, adding that he was appealing the

judgment that was entered for Appellees on August 22, 2024 to his appeal. [ER pgs. 33-34, Docket #35.]

**D.    Assertion that the Appeal is from a Final Order or Judgment that Disposes of all of Smith's Claims**

On July 19, 2024 the district court granted Appellee's motion to dismiss all of Smith's claims without leave to amend. [ER pgs. 12-25, Docket #28.]   The district court then entered its final judgment that disposed of all of Smith's claims on August 22, 2024. [ER pgs. 32, Docket #34.]  A final judgment that disposes of all a party's claims is an appealable judgment. *Catlin v. United States*, 324 U.S. 229, 233 (1945).

## II.

## ISSUES PRESENTED

1.     Did the District Court err in finding that Butler was *not* properly served in her official capacity as the administrative head of the DMV and dismiss her from the action opposed to allowing her to be re-served?

2.     Did the district court err in concluding that Smith did *not* plausibly plead a cause of action for race discrimination under Title VII?

2.     Did the district court err in concluding that Smith did *not* plausibly plead a cause of action for age discrimination under the ADEA?

3.     Did the district court err in denying Smith leave to amend his complaint?

## III.

## STATEMENT OF CASE

Smith filed his complaint for damages and other relief against State of Nevada in the Eighth Judicial District Court, Clark County, Nevada, on August 25, 2023. [ER pg. 1-11, Docket #1-1.]

On September 29, 2023 State of Nevada filed its petition for removal from

the Eighth Judicial District Court. [ER pg. 36, Docket #1.]

On November 9, 2023 State of Nevada filed a motion to dismiss Smith's complaint. [ER pg. 37, Docket #10.]

On July 19, 2024 the district court granted State of Nevada's motion to dismiss, dismissing all of Smith's claims and denied Smith's request for leave to amend. [ER pgs. 12-25, Docket #28.]

On August 15, 2024 Smith filed his notice of appeal and affidavit of Michael P. Balaban in support of the notice of appeal, appealing the district court's order granting State of Nevada's motion to dismiss all of Smith's claims without leave to amend. [ER pgs. 26-31, Docket #s 29 and 29-1.]

On August 22, 2024 the district court entered its final judgment that disposed of all of Smith's claims. [ER pg. 32, Docket #34.]

Finally on September 13, 2024 Smith filed his amended notice of appeal, adding the judgment that was entered for State of Nevada on August 22, 2024 to his appeal. [ER pgs. 33-34, Docket #35.]

# IV.

## STATEMENT OF FACTS[1]

Smith was hired by DMV as a Compliance Enforcement Investigator II at the Flamingo office on November 20, 2017. Smith was promoted to Senior Compliance Enforcement Investigator on June 14, 2021. [Complaint at ¶11, ER pg. 4.]

In March 2022 the Compliance Enforcement Division ("CED") posted a divisional promotional job announcement for Supervisory Compliance/Enforcement Investigator. [Complaint at ¶12, ER pg. 4.]

The position became opened by the retirement of CED Sergeant Brian Lacy

in December of 2021. At the time of his retirement, Sergeant Lacy was the only African American supervisor within the CED of the DMV. [Complaint at ¶13, ER pg. 4.]

Smith applied for the position of Supervisory Compliance/Enforcement Investigator along with Michael Ferriolo ("Ferriolo"). Ferriolo, a Caucasian and substantially younger than Plaintiff, was at the time a CED Compliance Enforcement Investigator II. [Complaint at ¶14, ER pg. 4.]

After interviewing both Smith and Ferriolo, the all Caucasian panel consisting of CED Administrator Joseph Decker and CED Deputy Administrator Amy Levine (who interviewed the candidates in person from Las Vegas) and CED Sergeant Gordon Rodgers (who participated in the interviews remotely from Reno), unanimously selected Ferriolo for the Supervisory Compliance/Enforcement Investigator position. [Complaint at ¶15, ER pg. 4.]

This was despite the fact that Smith had superior experience and qualifications to Ferriolo which is shown by among other things, the fact that he had been chosen over Ferriolo approximately ten month prior when they both sought a promotion to the Senior Compliance Enforcement Investigator position. [Complaint at ¶16, ER pg. 4.]

In addition Smith had more experience in the CED of the DMV than Ferriolo and was a decorated Law Enforcement Officer which included receiving an Officer of the Year award for major criminal investigations and various commendation including an FBI commendation and a Police Medal of Valor, in addition to having a Bachelor's Degree in Criminal Justice Administration and a Master's Degree in Management. [Complaint at ¶17, ER pgs. 4-5.]

Thus any supervisory experience that Smith lacked over Ferriolo was far

---

[1]The Statement of Fact is taken verbatim from the Plaintiff's complaint for race

outweighed by Plaintiff's other qualifications and experience. [Complaint at ¶18, ER pg. 5.]

Further Ferriolo's case work was not superior to Smith's as Plaintiff closed all the cases he was assigned and was recognized both orally and in writing by other DMV programs and law enforcement agencies for his case work and the handling of the cases assigned to him by the DMV Director. [Complaint at ¶19, ER pg. 5.]

Smith believes the only difference between the panel that chose Smith over Ferriolo for the Senior Compliance Enforcement Investigator in June of 2021 and the panel that chose Ferriolo over Smith for the Supervisory Compliance/Enforcement Investigator in April of 2022, was that Sergeant Lacy, an African American, was on the panel instead of Sergeant Rodgers. [Complaint at ¶20, ER pg. 5.]

Finally on April 13, 2022 when Smith was asked why he was not chosen for the position despite being more qualified that Ferriolo, he was told the CED was going in a different direction and that is why they chose Ferriolo. [Complaint at ¶21, ER pg. 5.]

Plaintiff took that to mean that the CED was moving away from having a diverse leadership team supervising the CED. [Complaint at ¶22, ER pg. 5.]

## V.

## SUMMARY OF ARGUMENT

The *Iqbal/Twombly* standard does not in any way change the rules of pleading under the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must only include a short and plain statement of the claim showing that the pleader is entitled to relief. Detailed *factual allegations* are *not* required.

---

discrimination and age discrimination.

When deciding a motion to dismiss, the Court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.

As set forth below, instead of accepting that the facts plead arguably qualified Smith for the position of Supervisory Compliance/Enforcement Investigator that he sought, the district court inferred that Smith had to plead that he satisfied the qualification for the supervisor position *even though* at this stage of the litigation it is not known what the exact qualifications of the position were.

Further it is plausible to conclude based on the facts alleged that Smith race was the reason he did not get hired for the Supervisory Compliance/Enforcement Investigator position, because despite the fact that he lacked formal supervisory experience, Smith's other experience and qualifications were arguably superior to Ferrilo's.  In addition, ten month prior Smith was promoted over Ferriolo to the Senior Compliance Enforcement Investigator position by a panel which included an African American and two Caucasians, where the panel who chose the Supervisory Compliance/Enforcement Investigator was made up of all Caucasians.

Likewise it is plausible to conclude in the alternative, that Ferriolo's age is the reason he got promoted over Smith, given as alleged on information and belief in the complaint, that Ferriolo was substantially younger than Smith.

Further the district court is just wrong in concluding that Smith must state the comparator Ferriolo's exact age at the pleading stage, as Rule 11(b)(3) makes it clear that evidentiary support for Ferriolo's age can be obtained through investigation or discovery after the complaint is filed.

In fact there are a lot more facts plead in the complaint than need to be pleaded pursuant to Rule 8(a)(2).  Thus is clear from the district court's order that regardless of what facts were plead in the complaint, the district court would have

dismissed Smith's complaint without leave to amend.

Finally the district court erred in finding that Butler was not properly served in her official capacity as the administrative head of the DMV and even if she was *not* properly served, the proper thing to do was to quash service and allow Butler to be reserved, not dismiss Butler from the action altogether.

Thus the district court clearly erred when it granted Appellees' motion to dismiss without leave to amend.

This being the case, it is incumbent on the Court of Appeals to overturn the district court's order granting Appellees' motion to dismiss as to both Butler and the State of Nevada.

# VI.

# STANDARD OF REVIEW

## A. Legal Standard Applicable to a Motion to Dismiss

Rule 12(b)(6) motions test the sufficiency of a pleading. *Smith v. Frye*, 488 F.3d 263, 274 (4th Cir. 2007). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Under Rule 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the factual tale alleged is implausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

When a claim is challenged under this Rule, the court construes the pleading liberally in the pleader's favor. *Kaltenbach v. Richards*, 464 F.3d 524, 526-527 (5th Cir. 2006). The court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 555.

No claim will be dismissed merely because the trial judge disbelieves the

allegations or feels that recovery is remote or unlikely. *Twombly*, 550 U.S. at 555-556.

Courts will test for comportment with Rule 12(b)(6) by performing a two-step inquiry-first legal conclusions will be isolated, so as to uncover the pleading's purely factual allegations, and second, those factual allegations will be presumed true and then examined for plausibility. *Iqbal*, 556 U.S. at 677-678 (1980). Pleadings that are unable to show the requisite plausible entitlement to relief are thereby exposed by Rule 12(b)(6) at an early stage in the litigation so as to minimize the costs of time and money by litigants and courts. *Twombly*, 550 U.S. at 558.

Finally, if the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"[A]s a general rule, '[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013)(second alteration in original)(quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

**B.     Standard of Review for a Motion to Dismiss**

The Ninth Circuit applies the de novo standard of review when reviewing a district court decision granting a motion to dismiss. *Manzarek v. St. Paul Fire & Marine Insurance Company*, 519 F.3d 1025, 1030 (9th Cir. 2008); *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 526 (9th Cir. 2008); *Corrie v. Caterpillar,*

*Inc.*, 503 F.3d 974, 979 (9th Cir. 2007).

In conducting a de novo review, the appellate court does not defer to the lower court's ruling, but independently considers the matter anew, as if no decision had been rendered on the matter below. *Voigt v. Savell*, 70 F3d 1552, 1564 (9th Cir. 1995).

## VII.
## ARGUMENT

### A.    Introduction

When does it get ridiculous, the United States District Court for District of Nevada, dismissing cases on a motion to dismiss or a motion for summary judgment.

This dismissal is especially egregious, given the fact that the district court did exactly what it is *not* supposed to do when deciding a motion to dismiss.  Not only did the district court *not* presume that all well-pleaded allegations were true, resolve all reasonable doubts and inferences in the pleader's favor and view the pleading in the light most favorable to the non-moving party Smith, but the district court actually assumes facts for State of Nevada in deciding to dismiss Smith's causes of action for race discrimination and age discrimination.

For example the district court assumed in favor of the State of Nevada that the qualification for the Supervisory Compliance/Enforcement Investigator position required formal supervisory experience when nothing stated in the complaint indicates that it does.

This is clearly an attempt by district court to make inferences for the moving party instead of the non-moving party.

Further the district court is trying to inject facts outside of the "four corners of the complaint" as to the qualifications needed for the Supervisory Compliance/Enforcement Investigator position, which is also prohibited on a

motion to dismiss.

Further as to Smith cause of action for age discrimination, the district court found that the complaint is subjected to dismissal because Smith failed to alleged Ferriolo (the comparator's) exact age (in addition to him *not* being qualified for the position) but only alleged on "information and belief" that Ferriolo was substantially younger than Smith.

This is perfectly acceptable under Rule 11(b)(3) of the Federal Rules of Civil Procedure because Smith didn't know Ferriolo's age. Nor is it uncommon for a victim of age discrimination not to know the comparator's age when the complaint is filed.

Thus when accepting all well pleaded allegations or material facts as true and construing the same in the light most favorable to the nonmoving party as is supposed to be done in deciding a motion to dismiss, it should be clear that the district court committed reversible error when dismissed Smith's complaint without leave to amend.

**B.** **The District Court Erred in Finding that Butler was not Properly Served in her Official Capacity as Administrative Head of the DMV, but Even if she was not Technically Served Properly, she had Actual Notice of the Action, thus Service should have been Quashed and Re-Service Allowed**

Nevada Rule of Civil Procedure 4.2(d)(2) provides that "[A]ny current or former public officer or employee of the State who is sued in his or her official capacity or his or her individual capacity for an act or omission relating to his or her public duties or employment must be served by delivering a copy of the summons and complaint to: (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and (B) the current or former public officer or employee, or an agent designated by him or her to receive service of process."

Here the action against on Butler, Director of the Nevada DMV, was served at the Nevada Department of Motor Vehicles office, 555 Wright Way, Carson City, Nevada 89711 on August 30, 2023 at 2:09 p.m. by leaving copies of the summons and complaint with Amanda Otto, Executive Assistant. *See* filed Proof of Service, ER pg. 37, Document# 17.

Thus the service on all parties was done correctly under the law and there is *no* reasonable basis for Butler to attempt to dismiss the complaint on this basis.[2]

But even if service was *not* done technically correct on Butler it is clear that she had *actual notice* of the instant action, thus the correct procedure should have been to quash service and allow re-service on Butler opposed to dismissing the action against her because it is now too late to refile the action against Butler.

If an action is dismissed (with or without prejudice), a later-filed action may be subjected to a statute of limitations defense, ie., the statute is not tolled or suspended during the period in which the prior action was pending. *California Tahoe Regional Planning Agency v. N.S.C., Inc.*, 504 F.Supp. 769, 776 (D. Nevada 1980).

Courts are therefore reluctant to dismiss for improper service if the statute of limitations would bar refiling.  Unless some material prejudice to defendant is shown, the court will usually set aside ("quash") the defective service and permit plaintiff to reserve the summons. *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3rd Cir. 1992).

Here refiling of the action would not be possible because it would come

---

[2] Further if there was a question as to whether service was done properly including where and to whom the summons and complaint was served to, counsel for State of Nevada could have easily called counsel for Plaintiff instead of bringing a motion to dismiss on the issue like they did.

more than 90 days after the right to sue letter was received or issued on 6/1/2023. Thus the proper thing to do in this case was for the district court to quash service of process and allow re-service on Butler.[3]

## C.     The District Court Erred in Finding that Smith did not Plausibly Plead a Cause of Action for Race Discrimination under Title VII

Title VII prohibits employers from discriminating on the basis of "race, color, religion, sex, or national origin." *Civil Rights Act of 1964*, *§ 703(a), 42 U.S.C. § 2000e-2 (a).*

Title VII prohibits employers from failing or refusing to hire, discharging, or otherwise discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment." *42 U.S.C. § 2000e-2 (a)(1).*

To establish a prima facie case for not being hired because of race discrimination, an employee must generally present evidence showing that: (1) he was a member of a protected class; (2) he was qualified for the position sought; (3) he was subjected to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of a discriminatory motive. *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000); *Texas Department of Community Affairs v. Burdine,* 405 U.S. 248, 253 (1981).

---

[3] Although the district court claims in its order that dismissal rather quashing service and allowing re-service was the appropriate remedy here given the other defects in Smith's claims, as set forth below the district court committed reversible error when it dismissed Smith's claims for race discrimination and age discrimination on substantive grounds, thus the claims are *not* defective.

The Supreme Court has cautioned that the prima facie requirements for making a Title VII claim "is not onerous" and poses "a burden easily met." *Id.* at 253.

The Ninth Circuit has "repeatedly held that it should not take much for a plaintiff in a discrimination case to overcome a summary judgment motion." *France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015). "This is because the ultimate question is one that can only be resolved through a searching inquiry— one that is most appropriately conducted by a factfinder, upon a full record." Id. (citing *Chuang*, 225 F.3d at 1124)(internal quotation marks omitted)). This being the case, it should take even less for a plaintiff to overcome a motion to dismiss.

Here Smith has alleges in paragraph 24 of his complaint that his race was African American, thus satisfying prong one that he was a member of a protected class. [Complaint at ¶24, ER pgs. 5 and 6.]

Further in paragraph 15 of the complaint it is alleged that "[A]fter interviewing both Smith and [Michael] Ferriolo, the all Caucasian panel consisting of CED Administrator Joseph Decker and CED Deputy Administrator Amy Levine (who interviewed the candidates in person from Las Vegas) and CED Sergeant Gordon Rodgers (who participated in the interviews remotely from Reno), unanimously selected Ferriolo for the Supervisory Compliance/Enforcement Investigator position", thus satisfying prong three of Smith's prima facie case. [Complaint at ¶15, ER pg. 4.][4]

While the district court agreed that Smith satisfied prong one and three of his prima facie case, it asserts that Smith's Title VII claim fails with respect to the second and fourth elements[5].

---

[4] See also paragraph 25 of the complaint.

[5] Order, 11:11-15

As to prong two that Smith was qualified for the position sought, Smith's complaint contains extensive allegations that he was qualified for the position sought, ie., the Supervisory Compliance/Enforcement Investigator position.

This is supported by allegations in paragraph 16 of the complaint that he "had been chosen over Ferriolo approximately ten month prior when they both sought a promotion to the Senior Compliance Enforcement Investigator position." [Complaint at ¶16, ER pg. 4.]

Further in paragraph 17 of the complaint that Smith "had more experience in the CED of the DMV than Ferriolo and was a decorated Law Enforcement Officer which included receiving an Officer of the Year award for major criminal investigations and various commendations including an FBI commendation and a Police Medal of Valor, in addition to having a Bachelor's Degree in Criminal Justice Administration and a Master's Degree in Management." [Complaint at ¶17, ER pgs. 4-5.]

Finally Smith alleges in paragraph 19 of the complaint that "Ferriolo's case work was not superior to Smith's as Plaintiff closed all the cases he was assigned and was recognized both orally and in writing by other DMV programs and law enforcement agencies for his case work and the handling of the cases assigned to him by the DMV Director." [Complaint at ¶19, ER pg. 5.]

But instead of presuming all well-pleaded allegations are true, resolving all reasonable doubts and inferences in the pleader's favor, and viewing the pleading in the light most favorable to the non-moving party, *see Twombly*, *supra*, 550 U.S. at 555, the district court finds that "nowhere in his complaint does Smith allege that his qualifications satisfy those required for the supervisory position or make his a preferred applicant".[6]

---

[6] Order, 11:21-23.

On a Rule 12(b)(6) motion to dismiss the court cannot consider material outside the complaint. *Arpin v. Santa Clara Transportation Authority*, 261 F.3d 912, 925 (9th Cir. 2001); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)(excluding material outside the pleadings from consideration on a Rule 12(b)(6) motion to dismiss); *Humphries v. Button*, 2:21-cv-01412-ART-EJY, pg. 6 (D. Nev. Aug 05, 2024)(At the motion to dismiss stage, the Court must take as true the moving party's allegations and disregard any evidence outside of the four corners of the complaint).

So instead of accepting that the facts plead arguably qualified Smith for the position of Supervisory Compliance/Enforcement Investigator that he sought, the district court inferred that Smith had to plead that he satisfied the qualification for the supervisor position *even though* at this stage of the litigation it is not known what the exact qualifications of the position are (that is what discovery is for). The district court infers that the position requires prior supervisory experience but if that were the case Smith wouldn't have been interviewed for the position in the first place.

Also nowhere in prong two does it say that Smith had to plead that he was the "preferred applicant", which again shows that the district court is viewing the pleading in the least favorable, *not* most favorable light for Smith.

As to prong four, it is clear that the district court is again looking at the pleading in the *least* favorable light and resolving all reasonable doubts *against* Smith, *not* for him.

The district court's finding that Smith was *not* similarly situated with Ferriolo because Ferriolo had formal supervisory experience and Smith didn't, *does not* as a matter of law conclusively show that Smith and Ferriolo were not similarly situated, *nor* does it show that a plausible inference of discrimination cannot be made here.

15

When Smith was asked why he was *not* chosen for the position despite being more qualified that Ferriolo, he was told the CED was going in a different direction and that is why they chose Ferriolo. [Complaint at ¶21, ER pg. 5.] If it was because Ferriolo had formal supervisory experience and Smith didn't, the State of Nevada should have told Smith that.

Further the district court's finding that Smith's contention that "'any supervisory experience that Smith lacked over Ferriolo was far outweighed by [Smith's] other qualification and experience' is a conclusory statement not entitled to the assumption of truth[7]" is without merit.

While the statement itself might be conclusory, the statement is based on facts plead in the complaint which are entitled to a presumption of truth on a motion to dismiss.

The facts plead by Smith regarding his qualifications and experience (which as a whole are arguably superior to Ferriolo's) are entitled to a presumption of truth. And along with the facts that Smith was promoted over Ferriolo ten month prior by a panel which included an African American where the panel that promoted Ferriolo to the Supervisory Compliance/Enforcement Investigator position didn't have any African American(s), plausibly occurred under circumstances suggesting a discriminatory motive.

Hence the fact that Smith arguably had superior experience and qualifications to Ferriolo and was promoted over Ferriolo ten month earlier, along with the fact that it was an all Caucasian panel who chose Ferriolo versus a panel which had an African American previously, makes it plausible that race might have been the reason why Ferriolo was chosen over Smith for the Supervisory Compliance/Enforcement Investigator position.

---

[7] Order, 12:8-10

It is *not* the court's job to weight the evidence and be a fact finder when deciding a motion to dismiss which is clearly what the district court has done here.

Thus when resolving all reasonable doubts and inferences in the Smith's favor, and viewing the pleading in the light most favorable to Smith, he has arguably met his burden under prong four. Further Smith has plausibly made out a case for race discrimination.

## D. The District Court Erred in Finding that Smith did not Plausibly Plead a Cause of Action for Age Discrimination under the ADEA

ADEA, *29 USC § 621 et seq.*, protects workers aged forty or older from employment discrimination on the basis of their age. The ADEA "reflects a societal condemnation of invidious bias in employment decisions." See *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357 (1995).

Congress passed the ADEA to address the practice of employment discrimination against older workers, and especially to redress the difficulty such workers faced in obtaining new employment after being displaced from their jobs. The ADEA also addresses arbitrary age limits that were common at the time of its passage, and embodies congressional recognition that older workers are particularly at risk for long-term unemployment and its undesirable results: deterioration of skill, morale and employer acceptability. *29 USC § 621(a)(1)-(3)*.

The ADEA prohibits discrimination in employment against workers 40 or older by making it unlawful for an employer to do any of the following because of an employee's age:

- to fail or refuse to hire, or to discharge, any individual or otherwise to discriminate against any individual with respect to his or her compensation, terms, conditions or privileges of employment;

17

- to limit, segregate or classify employees in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee; or
- to reduce the wage rate of any employee in order to comply with the ADEA. *29 USC § 623(a)*.

The ADEA prohibits employers from failing or refusing to hire, discharging, or otherwise discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *29 U.S.C. §623(a)(1)*. ADEA claims based on circumstantial evidence use the burden shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-06 (1973); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). Thus, the proof structure in an ADEA case is the same as that of Title VII. *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 674 (9th Cir. 1988).[8]

The plaintiff carries the initial burden of establishing a prima facie case of age discrimination. *Diaz*, 521 F.3d at 1207. If the plaintiff "has justified a presumption of discrimination," the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Id.* If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination. The plaintiff has the "ultimate burden of proving that age was a 'determining factor' in the employer's alleged unlawful conduct." *Pejic*, 840 F.2d at 674.

---

[8] Although the United States Supreme Court ruled that "but-for" causation is required in an ADEA case, the Supreme Court has *not* ruled definitively on whether the *McDonnell Douglas* framework still applies to ADEA cases and for that reason courts still use the *McDonnell Douglas* analysis in evaluating disparate treatment cases brought under the ADEA. *Gross v. FBL Fin'l Services, Inc.*, 129 S.Ct. 2343, 2349, fn. 2.s

A plaintiff can establish a prima facie case of age discrimination by demonstrating he was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to permit an inference of age discrimination.'" *Diaz*, 521 F.3d at 1207-1208.

As set forth in Plaintiff's complaint, he has alleged that he was 56 years of age when Ferriolo was promoted to Supervisory Compliance/Enforcement Investigator in April 2022 (¶34 of complaint, ER pg. 7), performing his job satisfactorily at the time of he wasn't promoted to Supervisory Compliance/Enforcement Investigator (¶35 of complaint, ER pg. 7), suffered an adverse employment action in that Ferriolo was promoted to the Supervisory Compliance/Enforcement Investigator in April 2022 instead of him (¶34 of complaint, ER pg. 7) and that Smith was substantially older than Ferriolo and had superior experience and qualifications to Ferriolo (¶¶34, 35, 17, 19 of complaint, ER pgs. 5, 7).

While the district again claims the "Smith fails to satisfactorily allege that he was qualified for the position that he applied for"[9], as set forth above, Smith has set forth specific facts to support that he was qualified (and arguably more qualified than Ferriolo) for the position of Supervisory Compliance/Enforcement Investigator, ie., Smith "had been chosen over Ferriolo approximately ten month prior when they both sought a promotion to the Senior Compliance Enforcement Investigator position" and "Smith had more experience in the CED of the DMV than Ferriolo and was a decorated Law Enforcement Officer which included receiving an Officer of the Year award for major criminal investigations and

---

[9] Order, 13:2

various commendation including an FBI commendation and a Police Medal of Valor, in addition to having a Bachelor's Degree in Criminal Justice Administration and a Master's Degree in Management." (¶¶16 and 17 of complaint, ER pgs. 4-5).

In addition he alleges in paragraph 19 (ER pg. 5) that "Ferriolo's case work was not superior to Smith's as Plaintiff closed all the cases he was assigned and was recognized both orally and in writing by other DMV programs and law enforcement agencies for his case work and the handling of the cases assigned to him by the DMV Director."

Further through discovery Plaintiff will be able to further develop that Smith was not only qualified, but had superior experience and qualification to Ferriolo for the position. The district court even found in another case that it is not proper to dismiss a case at an early stage in the proceedings where the parties have not even engaged in any discovery. *See Fernandez v. Penske Truck Leasing Co.*, 2:12-cv-295 JCM-GWF. (D. Nev., 2012).

Finally the district court makes the outrageous finding that at the pleading stage in an age discrimination action that the complaint is subjected to dismissal if complaint doesn't include the comparator's age.

Smith pleads on "information and belief" that Ferriolo was substantially younger than Smith because Smith didn't know Ferriolo's age. Nor is it uncommon for a victim of age discrimination *not* to know the comparator's age when the complaint is filed.

When plaintiff lacks personal knowledge of certain facts, but based on hearsay or secondhand information believes them to be true, those facts may be alleged on "information and belief." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011).

Rule 11 specifically permits such pleading so long as the allegation will have evidentiary support after a reasonable opportunity for further investigation or discovery. *FRCP 11(b)(3)*.

Age is a touchy subject and it is *not* uncommon for a person's age to be subjected to privacy's laws. So in many cases, or even most cases, the comparator's age in an age discrimination case is not known when the complaint is filed but that doesn't mean that the comparator's age will not be obtained once discovery begins.

Not surprisingly the district court cites *no* authority for its finding that the failure of an age discrimination victim to state the comparator's age at the pleading stage subjects the complaint to dismissal.

Here Ferriolo's age will be obtained in discovery, taking Ferriolo's deposition if necessary, and once his age is discovered, Appellees can bring a motion for summary judgment if Smith is *not* substantially older than Ferriolo like is alleged in the complaint.

Again in deciding a motion to dismiss, the district court was supposed to presume all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the Smith's favor, and viewing the pleading in the light most favorable to Smith as the non-moving party.

If this is done, Smith has clearly pleaded sufficient facts to make a claim for age discrimination plausible here.

## E.  The District Court Erred in not Allowing Smith Leave to Amend his Complaint as to his Causes of Action for Race Discrimination and Age Discrimination

As set forth above, Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, supra, 371 U.S. at 182.

Here, although the district court claims that any amendment would be futile based on its conclusion that because Smith acknowledged in his complaint that Ferriolo had formal supervisory experience and he did *not*, thus *no* discrimination took place or could take place.

But as set forth above, that is just *not* the case when the complaint is looked in a light most favorable to Smith and all reasonable doubts and inferences are made in Smith's favor.

Further this would have been the first chance Smith was given to amend his complaint.

## VIII.

## CONCLUSION

Under *Iqbal/Twombly* a motion to dismiss under 12(b)(6) is reserved for those cases where the non-moving cannot assert factual allegations that raise a "plausible" right to relief.

As set forth above, for purposes on a 12(b)(6) motion, the court presumes that all well-plead allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.

Smith has met his burden to "plausibly" show that he is entitled to the relief requested in his complaint against Appellees.

It is plausible at this point to conclude that Smith's overall qualifications and experience were equal or superior to Ferriolo's and that Smith was discriminated against because of his race or age when Ferriolo was chosen instead him for the Supervisory Compliance/Enforcement Investigator position.

Thus it is incumbent on the Court of Appeals to overturn the district court order granting Appellees' motion to dismiss and allow the case to proceed forward against both State of Nevada and Butler.

DATED: 10/28/2024                LAW OFFICES OF MICHAEL P. BALABAN

                                BY:  /s/ Michael P. Balaban
                                      Michael P. Balaban
                                      LAW OFFICES OF MICHAEL P. BALABAN
                                      10726 Del Rudini Street
                                      Las Vegas, NV  89141

## STATEMENT OF RELATED CASES

Appellant is aware of no related cases pending before this court.

## CERTIFICATE OF COMPLIANCE

Pursuant to F.R.A.P. 32(a)(7)(B)(i) and Circuit Rule 32-1, I certify that this Brief of Appellants is proportionately spaced, has a typeface of 14 points and contains 6,151 words.

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Circuit Rule 25-5(f) a true and correct copy of the foregoing document was electronically served via the Appellate ECF system to the following persons:

Alina Krauff, Esq.
*Attorneys for Defendants*

DATED:  10/28/2024                /s/ Michael P. Balaban
                                        Michael P. Balaban

23