**Docket No. 24-5060**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

CRISTOPHER SMITH,

*Plaintiff-Appellant*,

v.

STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES;
JULIE BUTLER, DIRECTOR OF THE NEVADA DMV; and DOES
1 through 10

*Defendant-Appellee.*

On Appeal from an Order of the United States District Court of
Nevada

_____

**ANSWERING BRIEF OF APPELLEE**

_____

AARON D. FORD
Attorney General
CAMERON P. VANDENBERG
Chief Deputy Attorney General
Nevada Bar No. 4356
MATTHEW E. ESTRADA
Deputy Attorney General
Nevada Bar No. 15543
One State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(775) 687-2132
cvandenberg@ag.nv.gov
*Attorneys for Appellees*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES .................................................................... iii

I.   INTRODUCTION ...................................................................................1

II.  STATEMENT OF JURISDICTION ....................................................2

III. STATEMENT OF THE ISSUES ........................................................2

IV. STATEMENT OF THE CASE ............................................................3

V.  STANDARD OF REVIEW ...............................................................5

VI. SUMMARY OF ARGUMENT .........................................................6

VII. ARGUMENT ....................................................................................7

    A.  The District Court Correctly Dismissed Appellant's Claims Against
        Butler Because She was not Properly Served in her Official Capacity as
        Administrative Head of the DMV. .............................................................7

    B.  The District Court did not Err in Finding that Smith did not Plausibly
        Plead a Cause of Action for Race Discrimination under Title VII. ...........9

    C.  The District Court did not Err in Finding that Smith did not Plausibly
        Plead a Cause of Action for Age Discrimination under the ADEA.........12

    D.  Smith's Failed to State Claims under Title VII and the ADEA against
        DMV Director Julie Butler because employees cannot be held liable in
        their individual capacities under Title VII and ADEA and where Smith's
        Complaint failed to make any factual allegations specific to Defendant
        Butler in her official capacity as administrative head of the DMV. ........13

i

E. The District Court did not Err in Denying Smith Leave to Amend his Complaint. .................................................................................................15

VIII. CONCLUSION ...............................................................................................16

STATEMENT OF RELATED CASES .....................................................................17

CERTIFICATE OF COMPLIANCE .......................................................................18

CERTIFICATE OF SERVICE .................................................................................19

# TABLE OF AUTHORITIES

**CASES**

*Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)-------------------- 15

*Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ---------- 15

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) -------------------------------------------- 11

*Atel Fin'l Corp. v. Quaker Coal Co.* (9th Cir. 2003) 321 F.3d 924, 926------------- 5

*Bergene v. Salt River Project Agr. Imp. & Power Dist.,* 272 F. 3d 1136, 1140 (9th Cir. 2001) ------------------------------------------------------------------------------- 12

*Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991)------------------------- 14

*Canada v. Boyd Group, Inc.,* 809 F. Supp. 771, 781 (D. Nev.1992) ---------------- 14

*Chuang v. Univ. of Cal. Davis*, 225 F.3d 11115, 1123 (9th Cir. 2000) ------------- 10

*Cooke-Seals v. District of Columbia,* 973 F. Supp. 184, 187 (D.D.C.1997). ------- 15

*Coronavirus Reporter v. Apple*, Inc., 84 F.4th 948, 958 (9th Cir. 2023)------------ 5

*Crowley v. Bannister*, 734 F.3d 967 (9th Cir. 2013) ----------------------------------- 7

*De Grise v. Bagus,* No. 3:10-cv-00662-LRH, 2012 WL 6725816 at *1 (D. Nev. December 27, 2012) ------------------------------------------------------------------------ 7

*Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, Inc., 840 F.2d 685, 688 (9th Cir. 1988) --------------------------------------------------------------------------- 7

*Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005)  9

*Ecological Rights Found v. Pacific Lumber Co.* (9th Cir. 2000) 230 F.3d 1141, 1154------------------------------------------------------------------------------------------ 5

*Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 981–982 (9th Cir. 2017) ------------ 5, 6

*Gabrielson v. Montogomery Ward & Co.,* (9th Cir. 1986) 785 F.2d 762, 765 ------ 6

*Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) --------------- 12

*Hall v. Hall*, 584 U.S. 59, 138 S. Ct. 1118, 1123–1124 (2018) ---------------------- 2

*Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)------------------------------- 10

*Independent Towers of Wash. v. State of Wash.* (9th Cir. 2003) 350 F.3d 925, 929–930 ------------------------------------------------------------------------------------- 5

*Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) -------------------------- 16

*Kohler v. Inter-Tel Technologies* (9th Cir. 2001) 244 F.3d 1167, 1182------------- 5

*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)-------- 15

*Manzarek v. St. Paul Fire & Maine Insurance Company*, 519 F.3d at 1030-1031 - 6

*McDonald Douglas Corp. v. Green*, 411 US 792, 802 (1973) ----------------------- 12

*Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ----------------- 14

*Ortez v. Washington Cnty.*, 88 F.3d 804, 808 (9th Cir.1996)------------------------- 14

*Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996) ------------------- 15

*R. Griggs Grp. Ltd. V. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996)------ 7

*Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990) -------------- 12, 13

*S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ---------- 7

*Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir.1993) ----------------------- 14

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)------------- 11

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ----------------------------------- 14

*Tropicana Entm't Inc. v. N3A Mfg., Inc.,* 2017 WL 1330197, at *5 (D. Nev. Apr. 5, 2017)------------------------------------------------------------------------------14

**STATUTES**

NRS 41.031(2)(a)------------------------------------------------------------------ 8, 9

NRS 613.330 ----------------------------------------------------------------------- 1, 4

**RULES**

FRCP 12(b)(5) -------------------------------------------------------------------- 1, 7

FRCP 12(b)(6) --------------------------------------------------------------2, 5, 11

FRCP 15(a)------------------------------------------------------------------------15

FRCP 4------------------------------------------------------------------------------ 7

NRCP 4.2(d)(2) ------------------------------------------------------------------ 8, 9

**CODES**

28 U.S.C.A. § 1291 ------------------------------------------------------------- 2

29 USC 621 ------------------------------------------------------------------------12

29 USC 623(a) --------------------------------------------------------------------12

42 U.S.C. § 2000e(b)------------------------------------------------------------14

42 U.S.C. § 2000e–5(g)---------------------------------------------------------14

v

## I. INTRODUCTION

The District Court ruled correctly when it dismissed Appellant Christopher Smith's Complaint without leave to amend. After failing to receive a promotion at the DMV in March 2022, Appellant brought the underlying action against the Nevada Department of Motor Vehicles ("DMV") and former DMV Director Julie Butler in her official capacity, claiming race discrimination in violation of Title VII of the Civil Rights Act of 1964 and Nevada's anti-discrimination statute, NRS 613.330, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and NRS 613.330.

Appellant's lawsuit against Appellees is based on unsupported speculation that the Appellees declined to extend him an offer for a supervisory position due to his race and age. Appellant refutes his own claims by admitting in his Complaint that he lacked supervisory experience compared to the chosen candidate. Instead, Appellant contends that his numerous other achievements must outweigh this important job criteria and he was effectively entitled to be promoted to supervisor based on his own desired qualifications. Therefore, even under the lenient legal standard of a motion to dismiss, Appellant's Complaint is insufficiently pled.

The District Court concluded that the Appellant failed to properly serve Appellee Julie Butler and dismissed all claims against her for insufficient service of process under FRCP 12(b)(5). The District Court correctly found that quashing

1

service and allowing Appellant to re-serve Butler would be futile because dismissal is nevertheless appropriate for failure to state a claim under FRCP 12(b)(6) and these deficiencies could not be cured by further amendment. The Court therefore dismissed the Complaint without leave to amend and entered judgment in favor of Appellees DMV and Butler.

## II.   STATEMENT OF JURISDICTION

The Ninth Circuit Court of Appeals has jurisdiction over this appeal because it is an appeal from a "final decision" as contemplated by 28 U.S.C.A. § 1291 ("[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States"). "The archetypal final decision is one that triggers the entry of judgment." *Hall v. Hall*, 584 U.S. 59, 138 S. Ct. 1118, 1123–1124 (2018). Here, the District Court entered judgment in favor of Appellees after dismissing Smith's Complaint without leave to amend. Excerpt of Record ("ER") 026.

## III.   STATEMENT OF THE ISSUES

A.     Whether the United States District Court for the District of Nevada ("District Court") properly dismissed Appellant's race discrimination claim under Title VII where he failed to plausibly plead that he was qualified for the promotion or that he was rejected in spite of his qualifications and a candidate outside

Appellant's protected class with comparable qualifications was selected for the position.

B.      Whether the District Court properly dismissed Appellant's age discrimination claim under the ADEA, where he failed to plausibly plead that he was qualified for the promotion and failed to allege that a substantially younger person was selected for the position.

C.      Whether Appellant's Title VII and the ADEA claims against DMV Director Julie Butler were properly dismissed for failure to state a claim because there is no individual liability under Title VII and ADEA and where Appellant's Complaint failed to make any factual allegations specific to Defendant Butler in her official capacity as administrative head of the DMV.

D.      Whether the District Court properly dismissed Appellant's claims under Title VII and the ADEA against DMV Director Julie Butler for failure to effectuate proper service.

E.      Whether the District Court properly dismissed Appellant's Complaint without leave to amend because amendment would be futile.

## IV.  STATEMENT OF THE CASE

A.      <u>Nature of the Case</u>

Appellant brings the instant appeal from the final order of the District Court filed July 19, 2024, granting the Respondents' Motion to Dismiss for ineffective

service of process, failure to exhaust administrative remedies with the Nevada Equal Right's Commission ("NERC") with respect to his state law claims under NRS 613.330, and failure to state a claim of race discrimination and age discrimination under Title VII and ADEA, respectively. Excerpt of Record (ER) pg. 26, ECF No. 28.

####        B.        Course of the Proceedings and Disposition

Appellant filed his Complaint on August 25, 2023, presenting two claims for relief arising out of not being selected for a vacant Supervisory Compliance/Enforcement Investigator position. ER pg. 6, ECF No. 1. On July 19, 2024, the District Court granted Appellees' Motion to Dismiss as well as denying Appellant leave to amend his complaint. ER pg. 26, ECF No. 28. On August 15, 2024, Appellant filed his notice of appeal and affidavit in support of the notice of appeal of the District Court's order granting the State's Motion to Dismiss. ER pgs. 26–31, ECF Nos. 29 and 29–1. On August 22, 2024, the District Court entered its final judgement that disposed all of Appellant's claims in their entirety. ER pg. 32, ECF No. 34. On September 13, 2024, Appellant filed his amended notice of appeal, adding the judgement that was entered for Appellees on August 22, 2024, to his appeal. ER pgs. 33–34, ECF No. 35. Lastly, Smith filed his Opening Brief with the United States Court of Appeals for the Ninth Circuit on October 28, 2024.

/ / /

4

## V.  STANDARD OF REVIEW

1.    <u>Standard of Review for a Motion to Dismiss</u>

A summary assertion in the opening brief that an action by the district court was erroneous will not preserve the issue for appeal. *Independent Towers of Wash. v. State of Wash.* (9th Cir. 2003) 350 F.3d 925, 929–930. An appellant must provide reasoning for their position. *Id.* Similarly, an issue mentioned in the "statement of issues," however not fully developed within the opening brief, may be considered abandoned. *Kohler v. Inter-Tel Technologies* (9th Cir. 2001) 244 F.3d 1167, 1182.

Also, in reviewing a district court's decision, the Court of Appeals may affirm on any grounds or reasoning adopted by the appellate court. *Atel Fin'l Corp. v. Quaker Coal Co.* (9th Cir. 2003) 321 F.3d 924, 926. Where precisely the same result could have been reached on other grounds apparent from the record, sending the case back to the district court would be wasteful for both the courts and the litigants. *Ecological Rights Found v. Pacific Lumber Co.* (9th Cir. 2000) 230 F.3d 1141, 1154.

A district court's decision to grant a motion to dismiss under Rule 12(b)(6) is reviewed de novo. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 981–982 (9th Cir. 2017). A complaint must allege facts that sufficiently set forth the essential elements of the claim. *Coronavirus Reporter v. Apple*, Inc., 84 F.4th 948, 958 (9th Cir. 2023) (dismissal without leave proper where essential elements of RICO claim not alleged despite multiple opportunities to amend complaint). To survive a motion to dismiss,

5

the claim must be plausible on its face. *Eichenberger*, at 981–982. Review is limited to the contents of the complaint where all well-pled allegations of material fact are accepted as true. *Manzarek v. St. Paul Fire & Maine Insurance Company*, 519 F.3d at 1030-1031. The appellate court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Id.*

A district court does not abuse its discretion in denying leave to amend where amendment would be futile. *Gabrielson v. Montogomery Ward & Co.,* (9th Cir. 1986) 785 F.2d 762, 765.

## VI. SUMMARY OF ARGUMENT

The District Court properly concluded Appellant failed to properly effectuate service of process upon Director Butler, failed to state a claim with respect to Appellant's claims under Title VII and the ADEA, and failed to exhaust administrative remedies with respect to the analogous state law claims. The District Court properly denied Appellant's leave to amend his complaint because allowing the amendment would be futile given Appellant's own admission that he lacked the supervisory experience required by the vacant position. The District Court therefore properly dismissed the Complaint without leave to amend and ordered that judgment be entered in favor of Appellees.

## VII.  ARGUMENT

### A.  The District Court Correctly Dismissed Appellant's Claims Against Butler Because She was not Properly Served in her Official Capacity as Administrative Head of the DMV.

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may seek dismissal of a claim or action for insufficient service of process. A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under FRCP 4.  *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, Inc., 840 F.2d 685, 688 (9th Cir. 1988).  Rule 4 provides the requirements for service of process, including following state law for serving a summons. *See* FRCP 4. Under FRCP 12(b)(5), insufficient service of process is a properly raised defense in a motion to dismiss. *De Grise v. Bagus,* No. 3:10-cv-00662-LRH, 2012 WL 6725816 at *1 (D. Nev. December 27, 2012). When the validity of service is contested, the party claiming proper service has the burden to establish its validity. *See R. Griggs Grp. Ltd. V. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996).

The Court has discretion to dismiss an action upon a finding of insufficient service. *See e.g.*, *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Neither actual notice, nor simply naming the person in the caption of the complaint, will subject a defendant to personal jurisdiction if service was not made in substantial compliance with the rule governing service.  *Crowley v. Bannister*, 734 F.3d 967 (9th Cir. 2013).

7

In the present matter, Appellant asserts that Julie Butler was served at the Nevada Department of Motor Vehicles office located at 555 Wright Way, Carson City, Nevada, on August 30, 2023, by leaving a copy of the summons and complaint with Executive Assistant Amanda Otto. ER pg. 37, ECF No. 17. However, service was not properly rendered to Julie Butler in her official capacity as Director of the DMV. NRS 41.031(2)(a) requires that in order for service to be proper, a copy of the summons and complaint needed to be rendered to Ms. Butler directly, as Director of the DMV. This is further established under NRCP 4.2(d)(2):

> Any current or former public officer or employee of the State who is sued in his or her official capacity or his or her individual capacity for an act or omission relating to his or her public duties or employment must be served by delivering a copy of the summons and complaint to: (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and (B) the current or former public officer or employee, or an agent designated by him or her to receive service of process.

NRCP 4.2(d)(2).

As such, if both the DMV and the DMV Director in her official capacity were named defendants, the summons and complaint must have been served four times: (1) the Attorney General on behalf of the DMV; (2) the administrative head of the DMV; (3) the Attorney General on behalf of Julie Butler, and; (4) Julie Butler personally (or her designated agent authorized to receive service of process for her). Julie Butler was never served personally; therefore, service was not rendered

8

correctly as required under either NRS 41.031(2)(a) or NRCP 4.2(d)(2). The notion that Ms. Butler may have had *actual notice* of the action does not set aside the requirements of either the NRS or NRCP. Moreover, the AG was not served on behalf of Julie Butler in her official capacity. Therefore, service was not perfected under NRCP 4.2(d)(2) with respect to Plaintiff's Complaint against Julie Butler. On that basis alone, dismissal of Appellant's claims against Butler was proper.

**B. The District Court did not Err in Finding that Smith did not Plausibly Plead a Cause of Action for Race Discrimination under Title VII.**

The District Court appropriately dismissed the Complaint without leave to amend because Appellant failed to plausibly plead essential elements of his failure-to-promote claim. In order to make a prima facie case for a Title VII failure-to-promote claim, Appellant is required to show that (1) he belonged to a protected class; (2) he applied for and was qualified for the position he was denied; (3) he was rejected despite his qualifications; and (4) the employer filled the position with an individual not of employee's protected class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff. *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005).

In the present matter, DMV does not challenge that Appellant is a member of a protected class, nor that Appellant applied for and was not selected for the position

of "Supervisory Compliance/Enforcement Investigator," which constitutes an adverse employment action. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993). The issue at hand lies with the second and fourth elements of Appellant's Title VII claim.

To establish the second element, Appellant must allege that he was, in fact, qualified for the Supervisory Compliance/Enforcement Investigator position he applied for. *Chuang v. Univ. of Cal. Davis*, 225 F.3d 11115, 1123 (9th Cir. 2000). Although Appellant includes his educational background—bachelor's degree in criminal justice and master's degree in management—Appellant himself admits to lacking supervisory experience relative to the selected candidate. It is through this admission that Appellant acknowledges his lack of qualifications required for the position. Appellant does not meet the second element.

To establish the fourth element, Appellant must allege that similarly situated individuals outside of his protected class were treated more favorably. Although the candidate that was ultimately selected is not a member of the same protected class as Appellant, no other assertions are made to indicate that Appellant and the successful candidate were similarly situated. Appellant acknowledges he lacked the supervisory experience the successful candidate had. Appellant does not meet the fourth element.

/ / /

10

Appellant failed to sufficiently state a failure-to-promote claim. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) proper where complaint contains only allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). As the Supreme Court explained in *Iqbal*:

> Two working principles underlie our decision in *Twombly*. The tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, *only a complaint that states a* plausible *claim for relief survives a motion to dismiss*. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—"that the pleader is entitled to relief."

*Id*. at 1949, 1950. (Emphasis added; citations omitted).

Here, Appellant's Complaint raised nothing other than speculation and disappointment, which falls short of a plausible claim for relief.

/ / /

11

**C.    The District Court did not Err in Finding that Smith did not Plausibly Plead a Cause of Action for Age Discrimination under the ADEA.**

The Age Discrimination in Employment Act (ADEA), 29 USC 621, et seq. makes it unlawful to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.  An employer violates the ADEA if a protected characteristic is the motivating factor for any employment practice, even though there may have been other motivation as well.  29 USC 623(a).

To show disparate treatment under the ADEA, the Plaintiff must first establish a prima facie case.  *Bergene v. Salt River Project Agr. Imp. & Power Dist.,* 272 F. 3d 1136, 1140 (9th Cir. 2001), citing *McDonald Douglas Corp. v. Green*, 411 US 792, 802 (1973).  Specifically, a plaintiff must show that: (1) he was a member of the protected class [age 40–70]; (2) he was performing according to the employer's legitimate expectations; (3) he was subjected to an adverse employment action; and (4) he was replaced by a substantially younger person with equal or inferior qualifications or similarly situated people outside the protected class with similar qualifications were treated in a more favorable manner.  *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990).  Alternatively, a plaintiff may demonstrate direct evidence of discriminatory intent.  *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998).

12

In the present matter, it is not challenged that Appellant is a member of the protected age class and was not promoted. It is the fourth element that Appellant is unable to establish. To establish a prima facie case of age discrimination, Appellant must allege that he was replaced by a substantially younger person with equal or inferior qualifications or similarly situated people outside the protected class with similar qualifications were treated in a more favorable manner. *Rose* 902 F.2d at 1421. Appellant fails to state the age of the candidate that was ultimately selected for the position, failing to provide adequate basis for the ADEA claim. However, even assuming the candidate is sufficiently younger, Appellant's acknowledgment that he lacks the successful candidate's supervisory experience refutes any claim that the successful candidate had equal or inferior qualifications. Thus, Appellant cannot establish a prima facie case of age discrimination, and his claim was properly dismissed with prejudice.

**D.    Appellant Failed to State Claims under Title VII and the ADEA against DMV Director Julie Butler because employees cannot be held liable in their individual capacities under Title VII and ADEA and Appellant's Complaint failed to make any factual allegations specific to Defendant Butler in her official capacity as administrative head of the DMV.**

Appellant argues that merely alleging that the claims are brought against both Appellees, without making any factual allegations with respect to Julie Butler in her official capacity, is sufficient to state a claim against both Appellees. "Allegations in a complaint or counterclaim may not simply recite the elements of a cause of

13

action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). However, a complaint must set forth specific allegations as to an individual defendant. *Tropicana Entm't Inc. v. N3A Mfg., Inc.,* 2017 WL 1330197, at *5 (D. Nev. Apr. 5, 2017). Moreover, civil liability under Title VII is limited to *employers*. *See* 42 U.S.C. § 2000e–5(g). The term "employer" under Title VII is defined to include any agent of the employer. 42 U.S.C. § 2000e(b).

The Ninth Circuit interprets the agent provision of Title VII as a means by which to incorporate respondeat superior liability into the statute. *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Under the *Miller* framework, a plaintiff may recover against an employer under Title VII by naming either the supervisory employees as agents of the employer or by naming the employer directly. *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir.1993); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991); *see also*, *Ortez v. Washington Cnty.*, 88 F.3d 804, 808 (9th Cir.1996) (finding that the plaintiff did state a claim against defendants in their official capacities and against employer, Washington County, under the theory of respondeat superior).

However, where a supervisory employee is joined as an agent in a Title VII action, it is the employer who is ultimately liable for the Title VII violation. *Canada v. Boyd Group, Inc.,* 809 F. Supp. 771, 781 (D. Nev.1992). Thus, official capacity

14

claims under Title VII are unnecessary and duplicative where the plaintiff has also brought a Title VII claim against the alleged employer. *Cooke-Seals v. District of Columbia,* 973 F. Supp. 184, 187 (D.D.C.1997). Such claims against individuals in their official capacity merge with claims against the employer, and the individuals may be dismissed within the court's discretion. *Id*.

Since Appellant's Complaint contained no factual allegations against Julie Butler specifically, the claims brought against her are the functional equivalent of claims brought against the DMV, are unnecessarily repetitive, and also subject to dismissal on that basis.

### E.     The District Court did not Err in Denying Smith Leave to Amend his Complaint.

The court has discretion to grant leave and should do so "when justice so requires." *Id.*; *Pierce v. Multnomah Coun*ty, 76 F.3d 1032, 1043 (9th Cir. 1996). However, the liberality of FRCP 15(a) is not without limitations. *See Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Courts may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the plaintiff has previously amended the complaint; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The district court may properly deny leave to amend if only one or two of the above factors are

15

fulfilled.  *Id*.  "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Here, the district court denied Appellant's request to amend his complaint because Appellant is unable to allege facts to sufficiently demonstrate that he was qualified for the Supervisory Compliance/Enforcement Investigator position.  In fact, Appellant plainly admits to lacking supervisory experience.  Appellant's attempt to diminish the significance of that inexperience by claiming other superior qualifications falls short.  Amendment of his complaint would not cure that deficiency.  The district court did not err in denying leave to amend.

## VIII.  CONCLUSION

For the reasons set forth above, Appellees respectfully ask this Court to AFFIRM the district court's judgment against Appellant.

RESPECTFULLY SUBMITTED this 27th day of December 2024.

AARON D. FORD
Attorney General

By:   */s/ Cameron P. Vandenberg*
    CAMERON P. VANDENBERG
    Chief Deputy Attorney General
    Nevada Bar No. 4356
    MATTHEW E. ESTRADA
    Deputy Attorney General
    Nevada Bar No. 15543
    One State of Nevada Way, Suite 100
    Las Vegas, NV 89119
    cvandenberg@ag.nv.gov
    mestrada@ag.nv.gov
    Tel: (775) 687-2132
    *Attorneys for Appellees*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** _____

The undersigned attorney or self-represented party states the following:

[X] I am unaware of any related cases currently pending in this court.

[ ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** */s/ Cameron P. Vandenberg*_____ **Date** _December 27, 2024_____
*(use "*s/[typed name]*" to sign electronically-filed documents)*

17

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)**  24-5060

I am the attorney or self-represented party.

**This brief contains  3,715  words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/ Cameron P. Vandenberg*    **Date** **December 27, 2024**
*(use "*s/[typed name]*" to sign electronically-filed documents)*

18

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 24-5060

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Answering Brief of Apellee

**Signature** */s/ Ginny Brownell*                    **Date** December 27, 2024
*(use "*s/[typed name]*" to sign electronically-filed documents)*

19